# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5066 | **DATE** | July 2, 2012 |
| **CASE TITLE** | Christopher Sousan (2011-1213029) vs. Cook County Jail | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The court authorizes and orders Cook County Jail officials to deduct $23.20 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The Clerk is instructed to add Cook County Correctional Officer Moore as a defendant and terminate the Cook County Jail. The Clerk shall issue a summons for service on defendant Moore and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents. The United States Marshals Service is appointed to serve defendant.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Pro se plaintiff Christopher Sousan, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $23.20. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Turning to the initial review of the complaint, plaintiff alleges that he was being transported back from court to the Cook County Jail with a group of other detainees. The group was under the supervision of correctional officer Moore. The detainees were lined up when the detainee next to plaintiff became verbally aggressive. Moore ordered plaintiff to the front of the line, and the other detainee to the back. However, the other detainee later confronted Moore punching him in the mouth. Plaintiff seeks to bring suit over the

|**STATEMENT**|
|---|

assault.

      Plaintiff may proceed with a claim of deliberate indifference to the known risk of assault. *Brown v. Budz*, 398 F.3d 904, 909-16 (7th Cir. 2005). Plaintiff, however, cannot proceed against the named defendant, the Cook County Jail. The Cook County Jail is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The proper defendant is Officer Moore because he was allegedly responsible for the constitutional violation. *Kuhn v. Goodlow*, 678 F.3d 552, 555-56 (7th Cir. 2012) (citation omitted).

      The Clerk is instructed to add Cook County Correctional Officer Moore as a defendant and terminate the Cook County Jail. The Clerk shall issue a summons for service on defendant Moore and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents. The United States Marshals Service is appointed to serve defendant. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendant. With respect to any former Cook County Jail employee who no longer can be found at the work address provided by plaintiff, the Cook County Jail shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff shall to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendant pursuant to Rule 4(d)(1)(G).

      Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendant [or to defense counsel, once an attorney has entered an appearance on behalf of defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the plaintiff.